UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 09-CV-82403-RYSKAMP/VITUNAC

DAVID A. RUBIN,
on behalf of himself and
all others similarly situated,

        Plaintiff,

vs.

JPMORGAN CHASE & CO.,
JPMORGAN CHASE BANK, N.A.,
CHASE BANK USA, N.A., and
JOHN DOE,

        Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION AND OBJECTIONS TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES**

        Defendants, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A. (collectively, "Defendants"), hereby serve their Response in Opposition and Objections to Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees and Brief in support thereof [DE 57, 58] and state as follows:

**I.    Introduction**

        Throughout his motion for attorney's fees and costs, Plaintiff alleges that his recovery in this case was "excellent." The results he obtained in this case, however, were by no means "excellent." Plaintiff filed this action, alleging violations of the Fair Debt Collection Practices Act, as a *multi-million dollar class action* on December 10, 2009. He, thereafter, did absolutely nothing to prosecute his class action case. He propounded a single set of interrogatories and one request for production on Defendants, and he never made arrangements to inspect or copy

Defendants' documents that were responsive to his request for production. He never conducted any class discovery and never moved for class certification. He did not take any depositions, and he did not participate in the deposition taken by Defendants. Plaintiff also failed to disclose any expert witnesses or produce expert witness disclosures, in violation of the Court's scheduling order and the Federal Rules of Civil Procedure. Likely as a result of his failure to do anything to advance his case, Plaintiff, individually, accepted Defendants' Offer of Judgment in the amount of $1,001.00 on or about April 19, 2011. The Court entered Final Judgment on April 20, 2011. Thus, what began as a multi-million dollar class action, resulted in a 1,001.00 judgment in favor of Plaintiff individually. Plaintiff's "success" in this action, therefore, was nominal at best.

Despite the foregoing, Plaintiff is seeking $47,113.03 in attorney's fees and costs. However, the requested fee award should be significantly reduced because (1) the attorney's fees incurred after the offer of judgment was served are not recoverable; (2) Plaintiff is not entitled to reimbursement of fees incurred by Plaintiff's co-counsel, who withdrew as counsel for Plaintiff prior to the offer of judgment and prior to acceptance of the offer of judgment; (3) Plaintiff's counsel's rates are unreasonable and not customary; (4) the fees relating to the class allegations and Plaintiff's expert witness should not be recovered because Plaintiff never moved for class certification or properly disclosed his expert witness; and, (5) Plaintiff's hours are unreasonable and excessive given the results obtained. In addition, Plaintiff is not entitled to most of the costs for which he seeks reimbursement as a matter of law. For the foregoing reasons, and as demonstrated in detail below, Plaintiff's fee and cost award should be significantly reduced.

II.      **Memorandum of Law**

    A.      **The Standard for An Award of Attorney's Fees.**

The starting point in any "reasonable fee" determination is the calculation of the "Lodestar." The Lodestar is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Popham v. Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987). The burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984); *Norman*, 836 F.2d at 1299. The determination of the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise. *Norman*, 836 F.2d at 1303. Satisfactory evidence of the market rate requires more than the mere affidavit of the attorney performing the work. *Id.* at 1299; *see Blum*, 465 U.S. at 896 n.11. Testimony alone that a given fee is reasonable is insufficient. *Hensley*, 461 U.S. at 439 n.15; *Norman*, 836 F.2d at 1299. To satisfy his burden, the movant must present evidence of rates actually billed and paid in similar lawsuits. *Id.*

After calculating a reasonable hourly rate, the second step in computing the Lodestar is determining the amount of reasonable hours. "Excessive, redundant or otherwise unnecessary" hours should not be included in the amount claimed. *Hensley*, 461 U.S. at 439; *Norman*, 836 F.2d at 1301. General or conclusory statements that the time spent was reasonable or

unreasonable are not entitled to much weight. *See id.* It is the movant's burden to specify the hours expended and the specific tasks performed.

Once the Lodestar is calculated, the court may adjust the amount of final fees awarded in light of the results obtained in the case. *Hensley*, 461 U.S. at 436-37; *Norman*, 836 F.2d at 1302. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. When a court exercises its discretion and reduces the Lodestar, the court may identify specific hours spent in unsuccessful claims, or it may simply reduce the award by some proportion. *Hensley*, 461 U.S. at 436-37; *Norman*, 836 F.2d at 1302. Where all claims derive from a common core of operative facts, however, the focus should be on the significance of overall results as a function of total reasonable hours. *Popham*, 820 F.2d at 1578.

> **B.  Fees Incurred After the Offer of Judgment and Incurred in Preparation of the Motion for Attorney's Fees Should Not Be Awarded.**

On April 6, 2011, Defendants served an Offer of Judgment on Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. (*See* Offer of Judgment, attached hereto as Exhibit A). The Offer of Judgment specifically states that Defendants "serve this Offer of Judgment . . . evidencing Defendants' offer to allow judgment to be taken against Defendants and in favor of Plaintiff in the aggregate total amount of $1,001.00, plus Plaintiff's reasonable attorney's fees and costs ***to date***." Plaintiff thereafter accepted the offer on or about April 19, 2011.

The Offer of Judgment, dated April 6, 2011, expressly provided that Defendants offered to pay Plaintiff's reasonable attorney's fees and costs accrued "to date," *i.e.*, accrued as of the date the offer was served. As a result, all post-offer fees and all fees incurred in preparation of

Plaintiff's motion for fees and costs are not compensable.[1] *See Gerhardt v. Fine Line Collision, Inc.*, No. 08-14253-CIV, 2008 WL 5054098, at *2 (S.D. Fla. Nov. 26, 2008) (citing *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238 (11th Cir. 2002)); *see also Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995); *Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1996); *Sussman v. Patterson*, 108 F.3d 1206, 1210-11 (10th Cir. 1997); *Singleton v. Cable-Dahmer Chevrolet, Inc.*, No. 96-0099-CV-W-9, 1997 WL 594638, at *4-5 (W.D. Mo. May 28, 2997).

### C. Fees Incurred By Craig M. Shapiro, Esq., O. Randolph Bragg, Esq., and Horwitz, Horwitz & Associaties, Ltd. Should Not Be Awarded.

Craig N. Shapiro, Esq., of the law firm of Horwitz, Horwitz & Associaties, Ltd., was admitted *pro hac vice* on January 22, 2010 to serve as co-counsel for Plaintiff. O. Randolph Bragg was not admitted *pro hac vice* to serve as co-counsel for Plaintiff and is not a member of the bar of the United States District Court for the Southern District of Florida. Both Mr. Shapiro and Mr. Yarbrough, as Plaintiff's counsel, represented Plaintiff under a contingency fee agreement.[2] (Motion for Fees & Costs [DE 57], ¶ 17). However, on March 25, 2011, Mr. Shapiro voluntarily filed a Motion to Withdraw, which motion was granted on the same date. [DE 38, 40]. Because Mr. Shapiro and his firm represented Plaintiff under a contingency fee agreement, and Mr. Shapiro voluntarily withdrew as counsel for Plaintiff, all fees incurred by him, Mr. Bragg, and the law firm of Horwitz, Horwitz & Associates, Ltd. are not recoverable.[3]

---

[1] The total number of post-offer hours and fees for Mr. Yarbrough are 7.35 hours and $2,572.50. The total number of hours and fees for the law firm of Horwitz, Horwitz & Associates, Ltd. is 0.1 hours and $48.00.

[2] Defendants' counsel requested that Plaintiff's counsel provide him with a copy of the contingency fee agreement in order to properly assess and evaluate Plaintiff's motion for fees and costs. Plaintiff's counsel, however, refused to provide defense counsel with the agreement.

[3] The total number of hours and fees are 62.9 hours and $15,031.00.

*See In re Wilhelm*, 298 B.R. 464, 467-68 (M.D. Fla. 2003) ("If an attorney representing a client under a contingent fee agreement voluntarily withdraws from representation prior to the occurrence of the contingency, the attorney forfeits all rights to compensation.") (citing *Faro v. Romani*, 641 So. 2d 69, 71 (Fla. 1994)); *Eakin v. United Technology Corp.*, 998 F. Supp. 1422, 1429 (S.D. Fla. 1998); *see also Carbonic Consultants, Inc. v. Herzfeld & Rubin, Inc.*, 699 So. 2d 321 322-24 (Fla. 3d DCA 1997); *DePena v. Cruz*, 884 So. 2d 1062, 1064 (Fla. 2d DCA 2004).

D.   **Plaintiff's Counsel's Rates Are Unreasonable and Not Customary.**

The starting point in any "reasonable fee" determination is the calculation of the "Lodestar." The Lodestar is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. The burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. *Blum*, 465 U.S. at 895-96 n.11.

Plaintiff's counsel is attempting to recover an hourly rate of $350. Though he admits he has been awarded a rate of $300 per hour in numerous cases, he cites to a few cases in which the courts have allegedly awarded an hourly rate of $350. However, the majority of the cases in which he has been awarded an hourly rate of $350 have been cases in which default judgments have been entered or his motion for fees and costs have been unopposed.[4]

Furthermore, while initially filed as a class action, Plaintiff never propounded class discovery, failed to move for class certification, and ended the case by accepting Defendants' Offer of Judgment individually. The instant case, therefore, was nothing more than a routine FDCPA case, and Plaintiff's counsel has litigated this type of action hundreds of times. Indeed,

---

[4]   The court dockets for the cases are not attached in order to avoid inundating the Court with additional papers.

he confirmed that he has served as plaintiff's counsel "in over 900 cases under the Fair Debt Collection Practices Act in the Southern District of Florida" alone. (*See* Yarbrough Declaration [DE 59], ¶ 12). As a result, the requested rate of $350 per hour is excessive, and Defendants submit that an hourly rate in the range of $275-$300 is appropriate in this case.[5] *See Crescenzo v. ER Solutions, Inc.*, No. 09-60685-CIV, 2010 WL 3385978, at *2 (S.D. Fla. Aug. 9, 2010); *Dennis v. Syndicated Office Systems, Inc.*, No. 09-61345-CIV, 2010 WL 3632478, at *2 (S.D. Fla. Sept. 14, 2010).

### E. Fees Relating to Class Allegations Should Not Be Awarded.

As previously mentioned, while initially filed as a purported multi-million dollar class action, Plaintiff failed to propound any class discovery, file a motion for class certification, or move for summary judgment, and Plaintiff ended up accepting Defendants' Offer of Judgment individually. As a result, all fees relating to the putative class, including class discovery and class allegations, should not be recovered by Plaintiff.[6]

### F. Fees Relating to Robert Biggerstaff Should Not Be Awarded.

Robert Biggerstaff was allegedly retained by Plaintiff to serve as an expert witness. However, Plaintiff never properly disclosed Mr. Biggerstaff as an expert,[7] never provided Mr.

---

[5] The hourly rates charged by the undersigned, who has been practicing law for thirty-two years, varied from between $267.84 to $324.00 in this action. The hourly rates charged for the period of 2009 to February 15, 2011 varied from $267.84 to $288.00. The undersigned's hourly rate changed on February 15, 2011, when the undersigned founded Campbell Law Firm PLLC, to rates between $307.80 to $324.00. The range is dependent upon the volume of work from Chase. The hourly rate currently being charged is $307.80. An affidavit attesting to the foregoing is attached hereto as Exhibit B, in accordance with S.D. Fla. L.R. 7.3(a).

[6] The total number of hours and fees for Mr. Yarbrough are 0.8 hours and $280.00. The total number of hours and fees for Mr. Shapiro and Mr. Bragg are 2.5 hours and $717.00.

[7] Mr. Biggerstaff was included in Plaintiff's Witness List but was never identified as an expert witness by Plaintiff. The only information provided by Plaintiff, other than his name, was a post office box address for him. Defendants only suspected Mr. Biggerstaff might be called as

Biggerstaff's expert report to Defendants (if one was even ever prepared), and never made Mr. Biggerstaff available for deposition, all of which was required by the Court's Scheduling Order [DE 19], and all of which would have prevented Mr. Biggerstaff from ever testifying or otherwise serving as an expert witness in this matter (without ever getting to *Daubert* issues). As a result, Defendants were compelled to expend time and resources in preparing and filing a Motion to Strike Mr. Biggerstaff as an expert witness [DE 42], to which Plaintiff never even filed a response. Furthermore, there is no evidence, and Plaintiff has provided no evidence, that Mr. Biggerstaff was ever paid for his alleged services in connection with this matter.[8] For all of the foregoing reasons, Defendants object to an award of fees incurred relating to Robert Biggerstaff.[9]

### G. Plaintiff's Hours Are Unreasonable and Excessive and a Reduction in the Lodestar is Appropriate Given the Results Obtained.

"Results obtained" is one of the twelve factors identified in *Johnson v. Georgia Highway Express* as relevant to the calculation of a reasonable attorney's fee. 488 F.2d 714, 718 (5th Cir. 1974). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). In fact, one of the most important factors to consider is the "results obtained." *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1342, 1347 (S.D. Fla. 2007) (citing *Hensley*, 461 U.S. at 436-37). It is "particularly crucial where a plaintiff is deemed 'prevailing'

---

an expert witness after conducting a background search and learning that Mr. Biggerstaff had served as an expert witness in other cases.

[8] Plaintiff also seeks reimbursement of costs associated with purported services rendered by Mr. Biggerstaff. Expert witness fees and costs, however, are not taxable costs, and not reimbursable, as a matter of law. *See* 28 U.S.C. §§ 1821 and 1920. Costs associated with Mr. Biggerstaff are discussed below.

[9] The total number of hours and fees for Mr. Yarbrough are 3.49 hours and $1,221.50. The total number of hours and fees for Mr. Shapiro and Mr. Bragg are 10.2 hours and $2,550.00.

even though he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434) (noting that fee award must be reduced by the number of hours spent on unsuccessful claims); *see Blum*, 465 U.S. at 900; *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986). Where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 440; *see Farrar*, 506 U.S. at 114-16 (reversing attorney's fee award where the district court did not consider the relationship between the extent of success and the amount of the fee award where plaintiff initially filed suit for 17 million but recovered only nominal damages).

What initially began as an alleged multi-million dollar class action for purported FDCPA violations, ended with Plaintiff individually accepting an offer of judgment for the maximum amount recoverable plus one dollar – a mere $1,001.00. Plaintiff never propounded any class discovery, never moved to certify the class, never took any depositions, never properly disclosed any experts, never moved for summary judgment, and indeed failed to move the case forward in any conceivable way. Despite the foregoing, Plaintiff is seeking $28,516.50 in fees allegedly incurred. Such an amount, given the outcome in this case, is patently excessive, and a 60% reduction in the lodestar is appropriate under the circumstances.

**H.     Plaintiff's Costs Should Not Be Awarded.**

In support of an award of costs, Plaintiff states only that "costs and litigation expenses" in the amount of $18,596.53 were incurred "in prosecution of this matter." (Motion for Fees and Costs [DE 57], ¶¶ 8, 12, 18). In support, Plaintiff attached a letter from his alleged expert, Robert Biggerstaff, which reflects a purported retainer of $18,000.

First, there is no evidence or document reflecting that the $18,000 expert witness fee was in fact paid to Mr. Biggerstaff. Plaintiff does not attach any bills or invoices that reflect that this fee was actually incurred. Further, this cost was allegedly incurred on June 3, 2011, after the Offer of Judgment was served and accepted, and well over a month after judgment in this case had already been entered. (*See* Exhibit A to Yarbrough Declaration [DE 59-1] at p. 14). In addition, even if there were evidence of such payment, expert witness fees are not compensable under 28 U.S.C. § 1920, and such expenses were unnecessary and not enumerated in the FDCPA. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (citing 28 U.S.C. §§ 1821 and 1920 and holding that absent contract or explicit statutory authority to the contrary, courts are bound by statute limiting expert witness fees to $30 per day for attendance at depositions and trial); *Duckworth*, 97 F.3d at 1399 (holding that postage, parking, computerized legal research and expert witness fees are not compensable under § 1920); *Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010).

Second, of the remaining $596.53 in costs, costs for Mr. Shapiro's *pro hac vice* admission ($75.00) and costs for computerized legal research incurred by Mr. Shapiro ($81.53) should not be recovered. *Pro hac vice* and computerized legal research costs are not compensable under section 1920. *See* § 1920; *Duckworth*, 97 F.3d at 1399. As a result, Plaintiff is only entitled to a reimbursement of $440.00 in taxable costs.

I.  **Request for Evidentiary Hearing.**

Chase respectfully requests the Court hold an evidentiary hearing on Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees.

## III. Conclusion

For all of the foregoing reasons, Plaintiff's fee and cost award should be reduced as demonstrated and requested herein.

CAMPBELL LAW FIRM, PLLC
*Attorneys for Defendants*
95 Merrick Way, Suite 514
Coral Gables, Florida 33134
Telephone: (305) 444-6040
Facsimile: (305) 444-6041

By:    s/Dennis M. Campbell
       Dennis M. Campbell
       Florida Bar No. 271527
       E-mail: dcampbell@campbelllawfirm.net
       Rossana Navarro
       Florida Bar No. 41617
       E-mail: rnavarro@campbelllawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that on this __15th__ day of August, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Donald A. Yarbrough, Esq., Attorney for Plaintiff, P.O. Box 11842, Fort Lauderdale, Florida 33339, donyarbrough@mindspring.com, via transmission of a Notice of Electronic Filing generated by CM/ECF.

By:    s/Dennis M. Campbell
       Dennis M. Campbell

350134/452-328