UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-82403-Civ-Ryskamp/Vitunac

DAVID A. RUBIN,
on behalf of himself and
all others similarly situated,

    Plaintiff,
v.

JP MORGAN CHASE & CO.,
JP MORGAN CHASE BANK, NA,
CHASE BANK USA, NA, and
JOHN DOE,

    Defendants.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

    Plaintiff, David A. Rubin, files this Reply regarding Defendant's Response in Opposition (DE 63) to Plaintiff's Motion for an Award of Costs and Attorney's Fees, and in support thereof states as follows:

    1.    Defendant contends that this case was filed as "a multi-million dollar class action." This statement is untenable. Under the Fair Debt Collection Practices Act ("FDCPA") the maximum statutory damages that would have been available to the class were either 1% of the Defendant's net worth or $500,000, but *limited* to $500,000 (15 U.S.C. § 1692k(a)(2)(B)). Unless Defendant is referring to its own attorney's fees, this case could *never* have been a "multi-million dollar" lawsuit. Further, Defendant's contention that Plaintiff did "nothing" to prosecute this case is erroneous. Plaintiff served

1

a request for production, admissions, and interrogatories and was satisfied with Defendant's responses. Defendant produced 28 pages of responsive documents with respect to Plaintiff's request, and no other arrangement to inspect or copy documents was necessary. Plaintiff set the depositions of all three Defendants, and intended to hold such depositions prior to the resolution of the case by Defendant's offer.

     2.     Based upon the information gleaned from Plaintiff's expert witness, Plaintiff ultimately chose not to pursue class certification, or expend any additional resources in the pursuit of class certification. Defendant's individual Offer of Judgment was the only settlement overture made by Defendant in this case, and Plaintiff chose to accept it. Plaintiff initially filed this action with the intent to represent a class of persons similarly situated, however, if a class is not certified, a plaintiff continues in his own individual suit against defendant, utilizing the same facts and the same discovery that the plaintiff has already gathered. The issue of potential class certification is easily eclipsed by the Plaintiff's burden of proving liability in the first place, for which Plaintiff needed to conduct discovery and hire an expert witness *anyway*, regardless of a potential class. Proving liability was the primary focus of Plaintiff's discovery efforts and this focus is not diminished by the case being pled as a class. With respect to his individual claim, Plaintiff obtained *more* than the amount of damages that he is entitled to recover under the statute, and obtained a judgment against Defendant. This is not "nominal" success, it is excellent success.

3. Regarding Plaintiff's counsel's hourly rate, Defendant contends that the "majority" of cases in which Plaintiff's counsel was awarded $350.00 per hour were unopposed. Defendant is wrong. Plaintiff's counsel has been awarded this rate numerous times, *even when opposed*, and listed those cases in Plaintiff's counsel's declaration. For clarity, the following awards were all opposed, and granted at $350.00/hour: *Ralston S. Brown v. Stephen R. Kopolow, P.C. and CACH, LLC*, Case No.: 10-80593-Civ-Marra/Johnson (S.D. Fla, July 28, 2011); *Patrick M. Hines v. AllianceOne Receivables Management, Inc.*, Case No.: 10-61155-Civ-Jordan/McAliley (S.D. Fla, July 20, 2011); *Luis E. Cueto v. QAR, LLC*, Case No.: 10-60567-Civ-Gold/McAliley (S.D. Fla, May 19, 2011); *Jeffrey D. Bianchi v. Nationwide Credit, Inc.*, Case No.: 10-60934-Civ-Moreno/Torres (S.D. Fla, May 10, 2011); *Jeffrey D. Bianchi v. Central Credit Services, Inc. and Bureaus Investment Group*, Case No.: 10-60562-Civ-Jordan/O'Sullivan (S.D. Fla, April 26, 2011); *Jeffrey D. Bianchi v. Law Office of Thomas Landis*, Case No.: 10-60574-Civ-Cohn/Seltzer (S.D. Fla, April 26, 2011). Plaintiff's counsel was awarded this rate again just last month, which was opposed and granted at $350.00/hour: *Patricia L. Nicholas v. Bronson & Migliaccio, LLP*, Case No.: 09-60925-Civ-Gold/Goodman (S.D. Fla, August 12, 2011). In support of its contention, the only evidence offered by Defendant are two prior cases in which Plaintiff's counsel was awarded $300.00/hour *a year ago*, and Defendant's counsel's own rate, which varied throughout the litigation but peaked at $324.00/hour. This evidence is even less convincing – Defendant's counsel charges just $26/hour less than what Plaintiff's counsel's hourly rate is, however,

Defendant's counsel need only send its client a bill to obtain this fee – there is no contingency for Defendant's counsel – whether Defendant wins or loses, its counsel will be paid by just sending a bill. This is hardly persuasive evidence that Plaintiff's counsel's hourly rate is "unreasonable," considering that numerous judges have found the rate to be reasonable (see Declaration of Plaintiff's Counsel in Support of Plaintiff's Motion for Attorney's Fees and Costs), and Defendant's counsel, on a non-contingent fee basis, charges a nearly identical rate.

    4.    Regarding the fees sought for Plaintiff's expert witness, Plaintiff seeks these fees as a part of attorney's fees, not as taxable costs. An expert was necessary in this case, and the fee for this expert should be incorporated into the concept of attorney's fees. Plaintiff could not afford to pay the necessary expert, so Plaintiff's counsel paid this cost for him. When Congress enacted the FDCPA, it intended for persons to be able to obtain competent counsel, which is why Congress mandated an award of attorney's fees to successful plaintiffs. Any conscientious attorney in the same position as Plaintiff's counsel would proceed in the same fashion as Plaintiff's counsel did – hiring an expert to assist counsel in understanding the technical aspects of the case. The crucial aspect of this case was a technical issue: how different telephone carriers proceed in the transmission of call indentification data between and among different telephone carriers. Plaintiff alleged that Defendant misrepresented its identity on caller ID to trick consumers into answering calls thinking that "Boys & Girls Club of America" and "Enterprise Rent", "Omnilingual Svc", "S11 Marketing I", "Networld", "Isle of Capripo", and "TMP Worldwide" was calling when

really it was Defendant was calling. See Complaint, (DE 1) paragraph 1 and 3. Attorneys are not expected to understand sophisticated technical issues, and in the absence of technical analysis, this case could never have been brought. Congress intended for the act to provide reasonable attorney's fees and costs, and could never have intended that a plaintiff whose case required the services of an expert would be required to pay for that expert out of his own pocket even if he prevailed on his claims – it would cost the plaintiff more than his claim is worth to pay the expert necessary for him to prevail. For plaintiff's counsel to shoulder this burden would equally subvert the purpose of the FDCPA, in that attorneys would be unlikely to represent clients with difficult or technical cases, knowing that no compensation could be had for the experts necessary to pursue such claims. In this case, *neither* Plaintiff's counsel nor Defendant's counsel were able to understand completely the very technical aspects of this case, and the parties *jointly* agreed on and proposed a longer schedule so that *both* parties would be able to obtain expert guidance. Regarding Defendant's contention that there is no evidence that Mr. Biggerstaff was paid his fee, and that the fee was "actually incurred" on June 3, 2011 – these contentions are erroneous. Mr. Biggerstaff's fee was booked into the slip-accounting program utilized by Plaintiff's counsel on June 3, 2011 for the purposes of this attorney's fees motion – that date is otherwise unrelated to Mr. Biggerstaff's fee. Mr. Biggerstaff's retention fee became a legally valid debt in October of 2010 when Mr. Biggerstaff's services were retained for this case and Plaintiff agreed to pay his fee. (See

Exhibit "B" to Plaintiff's Counsel's Declaration in Support of Plaintiff's Motion for Attorney's Fees and Costs, DE 59-2).

5.      Regarding the fees and costs sought for the services of Horwitz, Horwitz & Associates, Ltd.: Mr. Shapiro changed firms during the litigation of this case, and Mr. Shapiro's new firm would not allow Mr. Shapiro to continue his representation of Mr. Rubin. The case law cited by Defendant in support of the contention that Mr. Shapiro's fees and Mr. Bragg's fees should not be compensated is completely erroneous. The case law cited by Defendant is applicable to contingency fee agreements between attorneys and their clients where, upon success, the attorney would receive their fee *from the client*. Furthermore, none of the cases cited by Defendant are FDCPA actions: *In re Wilhelm* is a bankruptcy case; *Faro v. Romani*, *Eakin v. United Technology Corp.*, and *DePena v. Cruz* are all personal injury cases; and *Carbonic Consultants, Inc. v. Herzfeld & Rubin, Inc.* is an anti-trust action (all citations omitted). These are not analogous or applicable to the instant case. In FDCPA actions, the attorneys petition the Court for an award of fees, so that this expense is not borne by the client. Defendant has misconstrued the nature of the contingency agreement – Plaintiff's counsels do not charge a fee to the client for representation, regardless of whether the client wins or loses – this is distinct from the case law cited by Defendant, where the contingent fee or portion of the recovery was sought from the actual client upon the success of the suit. The FDCPA provides for an award of attorney's fees and costs to counsel if the plaintiff is successful, and there is no statutory authority or any other authority by which such an award should be denied. To

6

do so would be contrary to the statute's purpose – to encourage the ability of plaintiffs to bring FDCPA actions. Further, Mr. Shapiro did not withdraw his representation of Plaintiff because he arbitrarily chose to leave the case – Mr. Shapiro's new employer would not allow him to continue his representation of Plaintiff, and Mr. Shapiro's contributions to Plaintiff's case should be compensated. Further, Mr. Shapiro's costs, for pro hac vice admission and legal research, should likewise be incorporated into the concept of attorney's fees because Mr. Shapiro could not have practiced in this District without them, and could not have competently or adequately represented Mr. Rubin.

6.      Regarding Defendant's contention that its offer was for *both* costs *and* fees to date, this contention is erroneous. Defendant offered reasonable attorney's fees and *costs* to date. This reading is consistent with both Fed. R. Civ. P. 68, the statutory intent of the FDCPA, and Eleventh Circuit precedent generally advocating the award of attorney's fees generated litigating the issue of attorney's fees, or "fees on fees." (See *Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. Fla. 2007), and see also cases cited in Plaintiff's Memorandum in Support of Plaintiff's Motion for Attorney's Fees and Costs). Further, Defendant's offer is ambiguous and must therefore be construed against Defendant: ambiguity in the terms of an offer must be resolved against the drafter. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1243 (11th Cir. Ala. 2002). Where a defendant's offer is ambiguous, Federal Courts have found that that post-offer fees should be awarded:

> "Here, Croy claims she is entitled to recover post-offer attorney fees because the offer of judgment contained the additional language, "attorney's fees accrued to date *and as determined by the Court…*" (emphasis added). If the offer of judgment simply included "attorney's fees to date", then the plain language of the offer would only include fees up until the date of the offer. However, the additional language of "and as determined by the court" leaves the amount of attorney's fees to be awarded ambiguous and leave the court with discretion in awarding fees.
> …
> Other courts have found language in settlement offers including 'reasonable attorney fees as determined by the Court' to be ambiguous and to include post-offer fees. See *Holland v Roeser*, 37 F. 3d 501 (9th Cir. 1994).
> …
> Additionally, the purpose of Rule 68 is to encourage settlement and to avoid protracted litigation. See *Webb v James*, 147 F. 3d 617, 622 (7th Cir. 1998). This can only be achieved if the offer of judgment makes clear the total amount of costs and attorney's fees that are included. Accordingly, because of the ambiguity in the offer attributable to the defendants who drafted it, Croy should be awarded attorney's fees for legal work done after receipt of the offer.

*Sally F. Croy v E. Hall & Associates, P.L.L.C. et al*, 2007 U.S. Dist. LEXIS 14830 (W.D. Virginia, March 2, 2007).

    7.    Regarding Defendant's contention that the fees relating to the class should not be compensated – Plaintiff does not dispute this contention, and will waive the $997.00 identified by Defendant (DE 63 at page 7, footnote).

    8.    Regarding Defendant's request for an evidentiary hearing, it is well-settled that "a request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (U.S. 1983). An evidentiary hearing is not necessary, and would be a waste of additional attorney's fees, and judicial time and resources.

    9.    For these reasons, Plaintiff's motion for attorney's fees and costs should be granted.

8

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-82403-Civ-Ryskamp/Vitunac

DAVID A. RUBIN,
on behalf of himself and
all others similarly situated,

    Plaintiff,
v.

JP MORGAN CHASE & CO.,
JP MORGAN CHASE BANK, NA,
CHASE BANK USA, NA, and
JOHN DOE,

    Defendants.
_____/

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on September 1, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Dennis Michael Campbell
Campbell Law Firm, PLLC
95 Merrick Way
Suite 514
Coral Gables, FL 33134
Telephone: 305-444-6040
Fax: 305-444-6041

Via Notices of Electronic Filing generated by CM/ECF

10